UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CR-9-M

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| KENNETH FARR, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CRIMINAL INFORMATION

The United States charges:

### GENERAL ALLEGATIONS

1. Caledonia Correctional Institution ("Caledonia") is a prison located in Halifax, North Carolina, and is part of the North Carolina Department of Corrections ("DOC"). DOC falls under the umbrella of the North Carolina Department of Public Safety ("DPS").

2. DPS policies prohibit employees from engaging in certain conduct, including:

   a. Making gifts or performing personal services for inmates;

   b. Conversing with inmates via telephones;

   c. Selling or giving inmates any intoxicating drink, barbiturate or stimulant drug, or narcotic;

   d. Giving inmates tobacco or mobile cellular devices; and

   e. Possessing, using, or distributing tobacco products, paraphernalia, or lighting devices while on the grounds of a facility.

DPS policies further provide that "[i]f an employee is contacted by the family or close associates of an inmate, the employee will report this fact to his superior at the earliest practicable time."

3. Defendant KENNETH FARR was a Correctional Officer working at Caledonia, where his responsibilities included supervising inmates and ensuring a safe, secure prison operation. By virtue of his position at Caledonia, FARR was a DPS employee and public official.

## COUNT ONE
### (Conspiracy to Violate the Travel Act)

4. Paragraphs 1 through 3 are re-alleged and incorporated herein by reference.

5. From in and around January 2018 through in and around June 2018, in the Eastern District of North Carolina and elsewhere, the defendant, KENNETH FARR, did knowingly and intentionally conspire with others to use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of one or more unlawful activities, to wit, Bribery of officials, in violation of N.C. Gen. Stat. Ann. § 14-217(a), and thereafter to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of such unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

### PURPOSE OF THE CONSPIRACY

6. The purpose of the conspiracy was for FARR in exchange for payment, to use his position as a public official to take official action and act in violation of his lawful duty by smuggling contraband into Caledonia.

### MANNER AND MEANS

7. The manner and means of the conspiracy included, but were not limited to, the following:

a. FARR and his co-conspirators communicated with each other by cellular telephone to, among other things, schedule in-person meetings where FARR would obtain contraband from associates of Caledonia inmates;

b. FARR used his position as a public official to engage in official acts and act in violation of his lawful duty by bringing the contraband into Caledonia in exchange for payments;

c. The contraband that FARR smuggled into Caledonia included, but was not limited to, marijuana, tobacco, and money;

d. FARR put the contraband in the groin area of his pants to enter the facility and then left the contraband in a trash can where inmates could retrieve it;

e. FARR generally charged between approximately $300 and approximately $500 to smuggle contraband into Caledonia, and FARR received the payments in cash and via Cash App, a mobile application that allows users to transfer money to one another.

## OVERT ACTS

8. In furtherance of the conspiracy, and to accomplish its purpose, one or more members of the conspiracy committed or caused to be committed the following overt acts in the Eastern District of North Carolina:

a. In and around 2018, FARR smuggled approximately 16 ounces of tobacco into Caledonia for Inmate 1 in exchange for payment. FARR received between approximately $300 and $500 in cash.

b. In and around 2018, FARR smuggled approximately 4 ounces of marijuana into Caledonia for Inmate 2 in exchange for payment. FARR received approximately $500 in cash.

3

c. In and around 2018, FARR smuggled money into Caledonia for Inmate 3 in exchange for payment. FARR received approximately $300 or $350 via Cash App.

d. In and around 2018, FARR smuggled a quantity of tobacco into Caledonia for Inmate 4 in exchange for payment. FARR received approximately $300 via Cash App.

e. In and around 2018, FARR smuggled a package containing what he believed to be tobacco into Caledonia for Inmate 5 in exchange for payment. FARR received approximately $300 to $500 in cash.

All in violation of Title 18, United States Code, Section 371.

Date: 1/20/2021

COREY R. AMUNDSON
Chief
Public Integrity Section
Criminal Division
U.S. Department of Justice

By: *Rebecca Schuman*
Rebecca M. Schuman
Trial Attorney
Public Integrity Section

*Lauren E. Britsch*
Lauren E. Britsch
Trial Attorney
Public Integrity Section

4